# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MELVIN ESTIWAR JACOME,

Plaintiff,

v.

U.S. DISTRICT COURT,

Defendant.

Case No. 1:26-cv-04830-BAM (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION

FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION

(ECF No. 1)

**FOURTEEN (14) DAY DEADLINE**

Plaintiff Melvin Estiwar Jacome ("Plaintiff") is a state prisoner proceeding *pro se* and has paid the filing fee. Plaintiff initiated this action on June 23, 2026, filing a document labeled "Notice of International Commercial Claim" and "Affidavit of Obligation." (ECF No. 1.) The Court construes the filing as a complaint subject to screening pursuant to 28 U.S.C. § 1915A.

## I. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Mos*s, 572 F.3d at 969.

**II. Plaintiff's Allegations**

Plaintiff 's action appears to concern his state court conviction in the matter of *State of California v. Melvin Estiwar Jacome*, Case No. F02671157-6, and his incarceration. Plaintiff indicates he was accused, judged, and sentenced for violating several California Penal Codes. He claims the people that work in the courts made him "an Entity, a Corporation or a Dead Person," and the courts not only violated his constitutional rights, but also "made business with [his] name and falsified his signature with the purpose to sell bonds." (ECF No. 1 at 3.) He further claims that the Trustees of the State of California used his name without his permission or consent. Plaintiff asserts he has now recovered his rights, he is not a member of the XIV Amendment of the corporation, and he is a "Private Citizen" or "Secure Party Creditor." (ECF No. 1 at 3.)

Plaintiff further alleges the Superior Court of Fresno is a legislatively created administrative tribunal, is constitutionally defective, is not a court of proper jurisdiction under Article III, and has "no constitutionally delegated jurisdiction over anyone on American soil guaranteed all of his inherens unlimited, inalienable rights secured for each human being of flesh and blood in the Constitution." (ECF No. 1 at 4.) Plaintiff asserts, among other things, a

"SHAM legal process conducted in 'Bad Faith,'" the trial court is a for profit corporate enterprise, and when he was arrested and sued for a statutory regulation known as criminal law, he was actually accused of violating a corporate regulation or corporate breach of contract. (*Id.*) He also asserts there are no criminal laws, and the prosecution was dishonest, violating the rights of the living man of flesh and blood, and the prosecutor and judge violated their oaths of office and fiduciary duties. (*Id.*) Plaintiff claims the "false incarceration placed upon [him] (Melvin Estiwar Jacome) a Secure Party Creditor, is part of a commercial scheme to create vast sums of so called money by and through the bonds, judgment and other commercial paper created by and through said prosecution of the 'CORPORATE ENTITY' Cestui Que Trust MELVIN ESTIWAR JACOME whereby the living man has been placed into custody while the commercial paper/judgment has been monetized." (*Id.*) Plaintiff alleges that, as a result of the acts and actions, he has suffered false imprisonment and involuntary servitude for twenty-four years, being made to labor while falsely imprisoned and deprived of his liberty.

Plaintiff purports to present an "Affidavit of Obligation" to the district court, with documents certifying that he "is a Private citizen (Secure Party Creditor)." (ECF No. 1 at 5.) He claims to attach a legal notice and demand along with a common law copyright. (*See id.* at Exs. A and B.) Plaintiff seeks an order for the immediate "release from prison of the Secured Party Melvin Estiwar Jacome," and contends that if he has not been released from prison in 72 hours from the time the clerk of this court receives the Affidavit of Obligation, then the State of California has to pay five million dollars for each day of false imprisonment. (*Id.* at 5.)

Plaintiff claims that the Trustees of California have committed various crimes. (ECF No. 1 at 5-6.)

Plaintiff further asserts that the judgment in his criminal case is void due to lack of subject matter jurisdiction of the court, claiming it "was clear to anyone with eyes to see and ears to hear, that this sentient being is NOT an Artificial Entity, therefore the Superior Court of Fresno exceeded its jurisdiction in this case." (ECF No. 1 at 6.) Plaintiff requests an order "for the immediately release of Melvin Estiwar Jacome from prison, and all conditions of supervised release due to the fact that the judgment is VOID." (*Id.*)

Plaintiff purports to attach a "True Bill" for $17,029,250,00, listing the liable parties as the "District Attorney's Office" and "Superior Court of Fresno." (ECF No. 1 at 7.)

Plaintiff's filing contains numerous references to the Uniform Commercial Code, along with cites to UCC 1-308 near his name. (*See*, *e.g.*, ECF No. 1 at 3, 6, 8, 10, 19, 20.)

**III. Discussion**

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "The court may ... dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless." *Howell v. Johnson, et al.*, No. 2:21-cv-00997-CKD, 2021 WL 3602139, at *1 (E.D. Cal. 2021) (citing *Neitzke,* 490 U.S. at 327). "The critical inquiry is whether a ... claim, however inartfully pleaded, has an arguable legal and factual basis." *Id.* (citations omitted).

Plaintiff's allegations appear to be based on a sovereign citizen belief that the state court was constitutionally defective and did not have jurisdiction over him in his criminal matter. "While many various sub-groups and ideologies may fall under the sovereign-citizen umbrella, the overarching unifying principle is the belief that, even though they physically reside in this country, the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *Caetano v. Internal Revenue Serv.*, No. 1:22-cv-00837-JLT-SAB, 2023 WL 3319158, at *2 (E.D. Cal. May 9, 2023), *report and recommendation adopted*, No. 1:22-cv-00837-JLT-SAB, 2023 WL 4087634 (E.D. Cal. June 20, 2023) (citing cases).

Courts have rejected arguments based on sovereign citizen ideology as frivolous and meritless. *See*, *e.g.*, *United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986); *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (explaining courts have summarily rejected legal theories of "sovereign citizens" as frivolous); *United States v. Bernabe*, 654 F.3d 753, 767 (7th Cir. 2011) (discussing sovereign citizen arguments as having no validity in the country's legal system and recommending that they be "rejected summarily, however they are presented" and regardless of the individual's claimed status of descent, "be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being'"); *see also Mackey v. Bureau of Prisons*, No. 1:15-cv-1934-LJO-BAM, 2016 WL 3254037, at *1 (E.D. Cal. June 14, 2016)

("Courts across the county 'have uniformly rejected arguments' based on the sovereign citizen ideology as frivolous, irrational, or unintelligible.").

Additionally, Plaintiff's factual allegations are baseless. Clearly baseless factual allegations include those "that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 327, 328). Accordingly, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. Plaintiff's allegations that he is a secured party creditor and entitled to immediate release from prison are baseless and factually frivolous. *See Trevino v. Florida*, 687 F. App'x 861, 862 (11th Cir. 2017) (per curiam) (affirming district court's *sua sponte* dismissal of complaint as frivolous under § 1915A, and finding plaintiff's sovereign citizen arguments frivolous, "[Plaintiff's] factual allegations that he is a party to some sort of secured transaction requiring Florida to release him are clearly baseless.").

The Court therefore concludes that Plaintiff's complaint is frivolous, lacking an arguable basis in law or fact. Because the complaint is frivolous, the Court finds that Plaintiff should not be granted leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127 n. 8 (9th Cir. 2000) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").

## IV. Conclusion and Recommendation

For the reasons stated, the Court finds Plaintiff's complaint is frivolous and leave to amend is not appropriate. Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a district judge to this action.

Furthermore, it is HEREBY RECOMMENDED that Plaintiff's complaint be dismissed without leave to amend.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by CM/ECF document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 23, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE